UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDREW J. PHILLIPS-ADDIS,

        Plaintiff,               Case No. 1:21-cv-248

v.                                     Hon. Hala Y. Jarbou

JEREMY BUSH, et al.,

        Defendants.
_____/

**<u>ORDER ON MOTIONS AND DIRECTING FILING OF AMENDED COMPLAINT</u>**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.[1] Plaintiff also contends that this is a class action on behalf of prisoners housed by the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan, for Defendants' allegedly unconstitutional handling of the COVID-19 pandemic. Plaintiff purports to be the lead plaintiff in the class action. The Court construes Plaintiff's allegations as a motion to certify a class action.

The Court also notes that, in his complaint, Plaintiff Phillips-Addis seeks preliminary injunctive and mandamus relief. In addition, Plaintiff has filed nine other motions that remain pending before the Court: (1) motion for additional relief (ECF No. 3); (2) motion to appoint counsel (ECF No. 4); (3) motion for discovery (ECF No. 5); (4) motion for consideration

---

[1] Plaintiff named 29 additional prisoners in his list of plaintiffs on the first page of his complaint, and he listed 68 proposed plaintiffs in an exhibit to his complaint. Plaintiff, however, was the only person who signed the complaint. As a consequence, he was deemed the sole Plaintiff in this action at the time of filing. Since that time, Plaintiff has paid the full civil action filing fee of $402.00, because he was not eligible to bring the action *in forma pauperis* under 28 U.S.C. § 1915(g). (*See* ECF No. 8, PageID.553–556.) The Court also has since rejected attempted filings in this action by dozens of other ECF prisoners.

of additional factors in class-certification decision (ECF No. 20); (5) motion in response to Court's rejection of additional signatories (ECF No. 65); (6) motion notifying Court of failure to provide notice of all filings to all purported plaintiffs (ECF No. 77); (7) second motion seeking notice to all purported plaintiffs (ECF No. 82); (8) motion to file an amended complaint (ECF No. 88); and (9) motion to provide notice that the case is a class action (ECF No. 90).

## I. Request for Class Certification

Plaintiff Phillips-Addis asks the Court to grant his request to have this action certified as a class action and for plaintiffs to be added to the complaint. (Compl., ECF No. 1, *passim*; Mot. Seeking Additional Relief, ECF No. 3.)

The purposes of class action suits are judicial economy and the opportunity to bring claims that would not be brought absent the class action because it might not be economically feasible to bring them as individual claims. *See Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 650 (6th Cir. 2006). Federal Rule of Civil Procedure 23, which governs class certification, provides that:

> One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder . . . is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The four prerequisites for class certification are respectively referred to as "numerosity, commonality, typicality, and adequacy of representation." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010); *see also*, *Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006); *Reeb*, 435 F.3d at 645; *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005); *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002).

2

If the requirements of Rule 23(a) are met, the person seeking class certification must also establish that the case satisfies one of the three types of class actions set forth in Rule 23(b). *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003). The first type of case maintainable as a class action is one in which separate actions by individual class members would risk establishing "incompatible standards of conduct for the party opposing the class," or would "be dispositive of the interests" of nonparty class members. Fed. R. Civ. P. 23(b)(1)(A) and (B). The second type of class action requires that the plaintiffs primarily seek injunctive or declaratory relief. Fed. R. Civ. P. 23(b)(2). The third type of class action requires that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see also Alkire*, 330 F.3d at 820.

Plaintiff bears the burden of establishing the right to class certification. *See In re Am. Med. Sys.*, 75 F.3d 1069, 1086 (6th Cir. 1996). The court's discretion in deciding whether to certify a class must be exercised within the framework of Rule 23. *Id.* at 1079 (citations omitted). Before certifying a class, the court must conduct a "rigorous analysis" of whether Rule 23 prerequisites are met. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). In making its analysis, the court may not consider the merits of the case, *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974), but must accept the allegations of the complaint as true and resolve doubts in favor of the Plaintiff. *See Cross v. Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir. 1977). The court may draw reasonable inferences from the facts before it. *See Senter v. Gen. Motors Corp.*, 532 F.2d 511, 520 (6th Cir. 1976).

### A. Facts

Plaintiff sues the Michigan Department of Corrections (MDOC), MDOC Director Heidi Washington, and MDOC Internal Affairs Director Ken MacEachern, together with the

following ECF officials: Warden Les Parish; Deputy Warden M. Burgess; Assistant Deputy Wardens Jeffery Clouse and J. Spencley; Administrative Assistant Jason Mucha; Health Unit Manager N. Monroe; and Resident Unit Managers M. Haske and B. McCary. In his complaint, Plaintiff does not describe the putative class he seeks to certify. Instead, he simply attempts to add as co-plaintiffs all ECF prisoners who express an interest. He seeks to be the lead Plaintiff and to speak for all proposed Plaintiffs with respect to the allegedly inadequate precautions taken by Defendants to protect inmates from COVID-19.[2]

The allegations of the complaint span 96 pages, many of which consist of convoluted, repetitive, and sweeping allegations, together with conclusory legal and legalistic statements. Much of the legalese is difficult to decipher. For example, the first two paragraphs of alleged "facts" read as follows:

> As I, Andrew J. Phillips Addis, the Noticed as the (Main Petitioner), and legal writer of this civil Actions, shall mention within this full needed civil action full details of all set facts bring forward basis for our Class Action suit, to this district's courts attention, under way is our set divided notices of our facility, as Oak Correctional Facility, we are be noticed housed inside of this facility, which by all means is part of, the state of Michigan Department of Corrections. Which we show that this Oaks Correctional Facility has yes lacked operational responsible care during this Pandemic. Well our own needed safety as we the inmates whereas held to high risks, are now set forth as petitioners due come to safety needed within this prison, in such a times directly during this state of emergency, which is yes 14 amendment violation, of the set constitution. As the facility should have had stated held restrictions as facility, and department of corrections to given better interest of all inmates, when they lack judgement they have violations under construction set in constitution set in the 8th amendment rights, First amendment and the 14th amendment and the 9th amendment violations upon each of us within this petition.
>
> Well we petitioner have the needed needs to have healthiest medical care as whole, we should been as set factors for above defendants make better judgement of operations to facility dye COVID-19 virus. This administrative teams should had properly held to make requirement lock down the facility, during times of all out break status. As this Facility missed legal hold restrictions needed, within this facility meet staff and inmate safety, protection needed, needs overall, for such

---

[2] Plaintiff acknowledges that the proposed class includes inmates from a variety of prison housing units. (Compl., ECF No. 1, PageID.39.)

4

> active deadly virus, which they as an facility lack of judgement to yes the operations is uncalled for, when this facility should needed better care to meet the needs to protected us all from this active pandemic. These defendants should had been held operations policy make facility be safer to ourselves, by making proper policy's set right restrictions be held up to us all, over all better best interest of all inmates, could been given us such as medical care and safety based on the science, as yes they should been notice make proper judgement to facility operations, to protected us, from such as COVID-19 virus. They should held better terms to stop this virus spread of COVID-19 virus, hold the care not violated against our rights under constitution as 14 amendment states, we are have the equal protection within the prison, as world around us is provided, others have like their staff, when they failed that, they are within violations, they have as I petitioner shall show within our complaint.

(Compl., ECF No. 1, PageID.12–13 (verbatim).)  Although some of Plaintiff's lengthy and repetitive allegations contain intelligible facts, all of his allegations are as difficult to decipher as the quoted portion of the complaint.

It appears that, sometime in February 2021, Plaintiff Phillips-Addis received his first Moderna vaccine.[3]  One day later, Plaintiff tested positive for the virus. (*Id.*, PageID.14.) Plaintiff, however, does not describe the symptoms he suffered.  Instead, he alleges that different individuals experienced different symptoms, and he complains that Michigan has more COVID-19 cases and deaths than states such as Oregon and Wisconsin.

Plaintiff also complains that, although Defendants tested the whole facility in October 2020, after a staff member became ill, they did not move to isolate anyone until they received the results of tests three days later.  Plaintiff alleges that unspecified prisoners became ill after this allegedly unreasonable exposure.  In addition, he complains that, on May 11, 2020, when the National Guard came to test prisoners, they recommended that the facility stop running high-

---

[3] Plaintiff's allegation states that he "got the Moderna vaccine today . . . ," purportedly referencing the date of filing. (Compl., ECF No. 1, PageID.14.) However, in the next sentence, he states that he tested positive for the virus the day after receiving his vaccine. Since Plaintiff signed his complaint on March 1, 2021 (*Id.*, PageID.96) and it was postmarked on March 15, 2021 (*Id.*, PageID.97), the Court can only conclude that he was vaccinated sometime shortly before March 1, 2021, presumably in February.

5

volume fans, to prevent the spread of the virus.  Fans were later turned back on until Plaintiff asked them to be turned off in October 2020, due to the presence of positive cases.  On November 10, Officers Anderson and McGlone (not Defendants) again set the fans up, despite the fact that some prisoners in the unit had tested positive for the virus, blowing the air around the crowded units. Plaintiff alleges that the prison has a poor ventilation system and that air blows from one cell to the next through the vents.  In addition, he alleges that prison units are so crowded that six-foot distancing is not possible.  Plaintiff states that he submitted multiple other complaints on behalf of all prisoners through February 1, 2021, though he frequently received no response.

Plaintiff alleges that Defendants refuse to test prisoners who have recovered from the disease for 90 days after infection, on the theory that prisoners have at least short-term immunity.  He complains generally that prisoners have inadequate protective equipment when they work and that they are sanctioned for disobeying direct orders if they refuse to work.  Unlike state employees, they do not get days off for periods of isolation, which he contends is a denial of equal protection.  Plaintiff also contends that prisoners are forced to conduct COVID-19 cleaning without proper training.

In addition, Plaintiff alleges, Defendants release 48 to 55 prisoners at a time to the day rooms, when only 19 will fit when socially distanced and when only 4 phones are available. Plaintiff further alleges that Defendants do not ensure that phones and computers are cleaned between users.  Plaintiff also alleges that prisoners are too closely packed when getting meals, medication, and emails.

Plaintiff makes a series of other allegations:  Defendants improperly charge prisoners for medical visits; staff members who have been exposed or are symptomatic still come to work, because they cannot afford to lose pay; overcrowding is caused by over-sentencing;

6

prisoners are being denied parole, when they should be released to lower the prison population; and too few phones are available.

Plaintiff asserts that Defendants MDOC Director Heidi Washington, MDOC Internal Affairs Director Ken MacEachern, ECF Warden Les Parish, ECF Deputy Warden M. Burgess, ECF Assistant Deputy Wardens J. Clouse and J. Spencley, ECF Administrative Assistant J. Mucha, ECF Health Care Manager N. Monroe, and ECF Resident Unit Manager B. McCary failed to adopt or implement sufficient policies to protect inmates, failed to pay employees sufficiently to ensure adherence to isolation guidelines, and failed to train prisoners to clean in a COVID-19 environment. Plaintiff claims Defendants' actions and inactions caused him to contract COVID-19 in February 2021. Plaintiff makes a series of unsigned allegations, purporting to be made by 29 individuals who are identified as proposed plaintiffs, which broadly state that they each prisoner contracted COVID-19 and that they want Plaintiff Phillips-Addis to represent them in this action. (*Id.*, PageID.51–63.)

Plaintiff contends that Defendants violated the Eighth Amendment, the Ninth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also complains that he has attempted to address the issues on many occasions, orally and in writing, but Defendants have not resolved the problems. He also appears to allege that Defendants' failures to address kites and grievances violate due process, deprive him of his right to petition government, and prevent him from accessing the courts.

Plaintiff seeks "mandamus" relief, in the form of injunctions mandating, among other things, the following: adherence to proper COVID-19 protocols; provision of N-95 masks; release from work details when cases are positive; imposition of facility lock-downs when cases are positive; permission to grieve facility-wide issues involving the pandemic; provision of

7

adequate medical care; freedom from retaliation; freedom to receive mail; freedom to access legal research; provision of hot meals; removal of food trays in a timely fashion; and freedom to refuse COVID-19 swab tests.[4]  Plaintiff also seeks compensatory and punitive damages for himself and for all individuals who seek to participate in the action.

>    B.    Analysis

With respect to the first prerequisite for a class action, numerosity, there is no automatic cut-off point at which the number of Plaintiff makes joinder impractical, thereby making a class-action suit the only viable alternative. *See Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004); *In re America Med. Sys. Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996).  As noted above, Plaintiff seeks to represent a class of all prisoners at ECF who wish to join the case and who have contracted COVID-19 at some point in the pandemic.  The Court will assume without deciding that the purported class in sufficiently numerous.

Plaintiff, however, fails to meet his burden of establishing the commonality and typicality requirements.  The commonality and typicality requirements "tend to merge," and together "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class members are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998).

Not every common question will suffice to satisfy the commonality requirement because, "at a sufficiently abstract level of generalization, almost any set of claims . . . could

---

[4] Plaintiff's "Additional Relief Motion" (ECF No. 3) describes some of these requests for injunctive relief and again seeks mandamus.

display commonality." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1988). The test is whether there is "a common issue the resolution of which will advance the litigation." *Id.*

Moreover, the purpose of the typicality requirement is to assure that the named representatives' interests align with those of the class. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The focus is on "differences between class representative claims and class claims that would defeat the representative nature of the class action." *Van Vels v. Premier Athletic Ctr. of Plainfield*, 182 F.R.D. 500, 510 (W.D. Mich. 1998). "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d 388, 397 (6th Cir. 1988). The typicality requirement is met only if the lead plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the claims of the other class members. *See Little Caesar Enter., Inc. v. Smith*, 172 F.R.D. 236, 242–43 (E.D. Mich. 1997). It is not met where a "named plaintiff who proved his own claim would not necessarily have proved anybody else's claim." *Sprague*, 133 F.3d at 399.

In the instant case, the potential class members are too diverse to warrant class treatment. Plaintiff acknowledges that not all of the proposed plaintiffs reside in the same block or unit, so they could not have been exposed to the same actions by individual officers as those that allegedly caused Plaintiff Phillips-Addis to contract the virus in February 2021.[5] Moreover, it is not clear that every prisoner experienced the same treatment or has claims based upon each of the asserted class claims. Even though the claims are couched in the same general language—failure to competently manage the COVID-19 pandemic—they necessarily are based upon different facts and generally implicate the actions of different officials. The injunctive relief requested would fail to provide a remedy for each of the individual claims, since the egregiousness

---

[5] Indeed, it is not at all clear what action caused Plaintiff Phillips-Addis to contract the virus when he did.

9

of the incidents preceding each individual's exposure and the extent of the alleged injuries would affect the amount of damages to which any individual class member might be entitled. Based upon the individualized nature of each of the purported plaintiff's claims and alleged injuries, this is not a case where a named plaintiff proving his own claims would prove the claims of any other named plaintiff or the claims of other members of the proposed class. Accordingly, the Court concludes that Plaintiff has not met his burden of establishing the commonality and typicality requirements.

Finally, and most importantly, Plaintiff is not an adequate representative of the class, as required in Rule 23(a). It is well established that pro se litigants are inappropriate class representatives of the interests of others. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Cavanaugh v. Cardinal Loc. Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Indeed, Plaintiff, as a pro se prisoner, lacks standing to assert the constitutional rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (citing *McGowan v. State of Maryland*, 366 U.S. 420, 429 (1961)); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). Plaintiff is a layman who may only represent himself with respect to his individual claims and may not act on behalf of other prisoners. *Newsom*, 888 F.2d at 381; *see also O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978). Because Plaintiff is an incarcerated *pro se*

litigant, the Court finds that he is not an appropriate representative of a class.[6] Plaintiff therefore fails to meet the final requirement of Rule 23(a).

Even assuming that Plaintiff could satisfy the prerequisites of Rule 23(a), his motion for class certification would fail because he has not demonstrated that he could satisfy the requirements of Rule 23(b).  Rule 23(b)(1) provides for class actions where separate actions by individual class members would risk establishing "incompatible standards of conduct for the party opposing the class," or would "be dispositive of the interests" of nonparty class members.  Fed. R. Civ. P.  23(b)(1)(A) and (B).

Applying this language to the present case, the Court concludes that joinder of the claims of all the proposed prisoner-plaintiffs into a single class would be unwarranted.  Separate actions would neither create a risk of incompatible standards nor be dispositive of the interests of any other nonparty class member.  Instead, each case would involve the actions of only those Defendants who engaged in actions or inactions that were directly related to each Plaintiff's injuries.

In addition, Rule 23(b)(2) provides for class actions where the primary relief sought is injunctive or declaratory and any compensatory damages inure to the group's benefit.  *See Reeb*, 435 F.3d at 651.  Cases in which the plaintiff seeks damages that require individual calculations are not appropriately brought as class actions under Rule 23(b)(2) because individual claims for money damages will always predominate over injunctive or declaratory relief.  *Id.*

---

[6] The Court notes that the many individual prisoners who have attempted to file documents in this action do so with the understanding that Plaintiff Phillips-Addis will represent them.  Even if Plaintiff attempted to file a joint action with other Plaintiffs, and if the Court determined those claims were properly joined because they arose from the same transactions or occurrences, the other Plaintiffs would be required to represent themselves.  Plaintiff Phillips-Addis may not represent any other prisoner in this action.

In the instant case, Plaintiff and the proposed additional class members seek compensatory and punitive damages, as well as injunctive relief. Plaintiff complains of specific conduct which clearly did not affect all proposed class members. Moreover, the alleged injuries sustained by each member of the proposed class would obviously vary considerably depending on whether and when they contracted COVID-19 and to what extent it affected their health. The injunctive relief Plaintiff seeks would likewise not provide a remedy for claims asserted by all of the proposed class, since the proposed plaintiffs described in the complaint have already contracted the virus, though other proposed class members have not. In addition, Plaintiff has now been vaccinated, though he fails to allege that all members of the proposed class have been vaccinated. Plaintiff's eligibility for much of the injunctive relief he requests is dubious, given that he has already contracted the virus and has been vaccinated. Accordingly, the Court concludes that Plaintiff's primary request for relief is neither injunctive nor declaratory in nature.

A class action under Rule 23(b)(3) requires that "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Based upon the analysis of the commonality and typicality requirements, issues affecting individual proposed Plaintiffs predominate over issues raised by common claims. As a class action, the court or jury would be under a substantial burden to separately adjudicate different claims given the individualized analysis that would be required.

For these reasons, Plaintiff's requests for class certification (ECF Nos. 1, 3) will be denied.

## II. Additional Motions Relating to Class Certification

Plaintiff has filed a variety of other motions related to his requests for class certification: a motion to consider additional factors in reaching a certification decision and to add 61 plaintiffs (ECF No. 20); a motion challenging the Court's rejection of the documents filed by other proposed plaintiffs (ECF No. 65); a motion challenging the Court's failure to include as plaintiffs others named in the complaint (ECF No. 77); a motion requesting that all mentioned individuals receive notice of the case (ECF No. 82); a motion seeking notice to the MDOC and ECF that the instant case is a class action (ECF No. 90).

Prior to reaching its determination that class certification was not proper, the Court considered all of Plaintiff's allegations, whether found in his complaint or in his motions adding additional facts (ECF Nos. 3, 20). That review and the Court's denial of class certification render Plaintiff's motion to consider additional factors and to add additional Plaintiffs (ECF No. 20) effectively moot and the motion, therefore, will be denied.

With respect to Plaintiff's motion challenging the Court's rejection of filings by individuals other than Plaintiff (ECF No. 65), the Court finds no error in its determinations. Because the complaint was filed by only one plaintiff, and because the other prisoners' subsequent attempted filings did not render them proper parties to the action, the Court finds no error in its rejections of those documents. The Court therefore will deny Plaintiff's motion (ECF No. 65).

Because the other individuals named in the complaint are not parties to the action, the Court also will deny Plaintiff's two motions requesting the Court to provide notice to all of those individuals (ECF Nos. 77, 82). In addition, because the Court has denied Plaintiff's request for class certification, the Court also will deny Plaintiff's motion to notify the MDOC and the parties that the class has been certified (ECF No. 90).

### III. Request for Preliminary Injunctive Relief and Mandamus

In his complaint, Plaintiff seeks preliminary injunctive relief as previously described. He also insists, both in his complaint and in his motion for additional relief (ECF No. 3), that the Court should issue mandamus relief against Defendants with respect to the same matters.

Title 28 U.S.C. § 1361 confers jurisdiction only over mandamus actions to compel action by federal, not state, officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). Therefore, the Court is without jurisdiction to grant mandamus relief.

Preliminary injunctions are "'one of the most drastic tools in the arsenal of judicial remedies.'" *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Nader*, 230 F.3d at 834. These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also S. Galzer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) ("[T]hese are factors to be balanced, not prerequisites to be met."); *Nat'l Viatical, Inc. v. Universal Settlements Int'l, Inc.*, 716 F.3d 952, 956 (6th Cir. 2013) (same); *Ne. Ohio Coal.*, 467 F.3d at 1009

(same); *Nader*, 230 F.3d at 834 (same). "But even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.'" *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326–27 (6th Cir. 2019) (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 286 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 & n.3 (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). Preliminary injunctions are not favored, and a movant is not necessarily entitled to such relief, even if the movant has shown a likelihood of success on the merits. *Benisek v. Lamone*, ___ U.S. ___, 138 S. Ct. 1942, 1943–44 (2018).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not made such a showing. It is not at all clear from Plaintiff's lengthy and repetitive *pro se* complaint or subsequent filings that Plaintiff has a substantial likelihood of success on his constitutional claims. Although the Court makes no final determination on this issue, it appears at this preliminary stage that Plaintiff has not made a sufficiently substantial showing of a violation of any of his constitutional rights.

Second, the presence of irreparable harm is not evident. A plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary

damages.  *See Overstreet*, 305 F.3d at 578; *see also D.T. et al. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326 (6th Cir. 2019) (holding that, absent a showing of irreparable harm, a preliminary injunction is not appropriate, regardless of the strength of the other factors).  Since filing his complaint and requested relief, the case has proceeded without incident.  Plaintiff has already contracted COVID-19 and has been vaccinated.  The facts as alleged do not demonstrate that injunctive relief is required to protect Plaintiff.  Plaintiff has not set forth specific facts showing an immediate, concrete, and irreparable harm in the absence of an injunction.

Finally, the interests of identifiable third parties and the public at large weigh against an injunction.  Decisions concerning prison security are vested in prison officials, in the absence of a constitutional violation.  Any interference by the federal courts in the administration of state prisons is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover*, 855 F.2d at 286–87.  That showing has not been made here.

Accordingly, Plaintiff's request that the Court exercise its mandamus authority and his requests for preliminary relief (ECF Nos. 1, 3) will be denied.

## IV.     Motion to Appoint Counsel

Plaintiff has requested a court-appointed attorney.  Indigent parties in civil cases have no constitutional right to a court-appointed attorney.  *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993).  The Court may, however, request an attorney to serve as counsel, in the Court's discretion.  *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances.  In determining whether to exercise its discretion, the Court should consider the

complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606.

The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's complaint is complex only because he seeks to bring the claims of all prisoners housed at ECF for all of the actions allegedly taken and harms allegedly done during the COVID-19 pandemic. As earlier discussed, Plaintiff lacks standing to pursue an action on behalf of others, and class certification is not appropriate in this action for multiple reasons. The Court concludes that Plaintiff's individual claims do not require the assistance of counsel. As a consequence, Plaintiff's request for appointment of counsel (ECF No. 4) will be denied.

## V.      Request for Production of Documents

In his next pending motion (ECF No. 5), Plaintiff seeks the production of numerous documents related to the COVID-19 pandemic. The Court is not a conduit for discovery. There is no indication in Plaintiff's motions that he first sought the requested discovery from the opposing parties. *See* Fed. R. Civ. P. 26(b). The local rules of this Court require Plaintiff to confer in a good-faith effort to resolve each specific discovery dispute. W.D. Mich. LCivR 7.1(d).

Plaintiff's case has not yet been fully screened, and no Defendants have been served. It therefore is not surprising that Plaintiff does not allege that he has attempted to confer with Defendants as required by the local rule, given that his attempt to seek discovery is premature. Plaintiff's motion seeking production of documents (ECF No. 5) therefore will be denied.

## VI.     Motion to Amend

Plaintiff has filed a motion seeking leave to file an amended complaint (ECF No. 88). In his motion, Plaintiff seeks to correct certain allegations and to add new allegations against

17

the same parties. Plaintiff may file an amended complaint as a matter of right at this early stage of the proceedings. *See* Fed. R. Civ. P. 15(a).

As a consequence, Plaintiff's motion will be granted, but only with respect to his own individual claims. As discussed elsewhere in this order, Plaintiff may not represent any other prisoner at ECF. He may only represent himself in this action. *See Rowland*, 506 U.S. at 201–03; *Newsom*, 888 F.2d at 381.

Further, Plaintiff's current, cumbersome complaint, with its sweeping generalities and legalese, violates the "plain statement" requirement of Rule 8(a) of the Federal Rules of Civil Procedure. In its current form, Plaintiff's complaint is insufficient to permit this Court to properly review Plaintiff's individual claims. The Court therefore instructs Plaintiff that, if he wishes to proceed with his action, he must carefully fill out the form complaint for prisoner civil actions, *see* W.D. Mich. LCivR 5.6(a), and submit it to the Court, in accordance with the instructions that follow.

The Court directs the Clerk to send to Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. Plaintiff shall submit an amended complaint by filing his complaint on the form within twenty-eight (28) days from the date of entry of this order. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff personally intends to sue and all of the claims that Plaintiff personally intends to raise. Plaintiff shall not re-submit any supporting exhibits filed with the original complaint or with his subsequent motions. Plaintiff is reminded (as indicated on the form complaint) to state only facts and to avoid both the use of legalese and citations to any cases. Plaintiff must allege facts in chronological order, avoid repetitious allegations, and limit his allegations to the facts that resulted in personal harm to him. The amended complaint must not

exceed 30 pages.  The case number shown above must appear on the front page of the amended complaint.  If Plaintiff fails to submit an amended complaint in proper form within the time allowed, the Court may dismiss the complaint without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff Phillips-Addis's requests for class certification and preliminary injunctive relief (taken from ECF No. 1; ECF No. 3) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for preliminary injunctive relief (taken from ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to appoint counsel (ECF No. 4) and for discovery (ECF No. 5) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions relating to his request for class certification (ECF Nos. 20, 65, 77, 82, and 90) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 88) is **GRANTED**, to the extent that Plaintiff's amended complaint relates strictly to his own alleged claims and injuries and meets the other specifications set forth in this order.

Dated:   June 15, 2021                                  /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        UNITED STATES DISTRICT JUDGE